**Hamath DJIGO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–4294.

United States Court of Appeals, Sixth Circuit.

June 11, 2004.

E. Dennis Muchnicki, Dublin, OH, for Petitioner.

Jennifer L. Lightbody, Margaret J. Perry, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before MARTIN and SUTTON, Circuit Judges; and WILLIAMS, and District Judge.*

*ORDER*

Hamath Djigo has petitioned for judicial review of an order of the Board of Immigration Appeals ("BIA"), which summarily affirmed an immigration judge's decision that he was subject to removal. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

Djigo is a native and citizen of Mauritania. The Immigration and Naturalization Service initiated removal proceedings

---

* The Honorable Glen M. Williams. United States District Judge for the Western District of Virginia, sitting by designation.

against him, alleging that he had entered the United States illegally, Djigo conceded removability, but applied for asylum and the withholding of deportation.

Djigo testified that he had been persecuted in Mauritania because his education and ethnic background caused the military to suspect that he belonged to a dissident political group. An immigration judge ("IJ") found that his testimony was not fully credible and denied his applications for relief. The BIA affirmed the IJ's decision without opinion on October 21, 2002.

Djigo argues that the BIA violated his right to due process by summarily affirming the IJ's decision without issuing a reasoned opinion. This claim fails because our court has now upheld the BIA's streamlined appeals process against a similar due process challenge. *See Denko v. INS,* 351 F.3d 717, 730–32 & n. 10 (6th Cir.2003).

To obtain asylum. Djigo must show that he is a refugee whose application merits a favorable exercise of administrative discretion. *See Mikhailevitch v. INS.* 146 F.3d 384, 389 (6th Cir.1998). A refugee is an alien who is unable or unwilling to return to his home country due to "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1102(a)(42). Judicial review is warranted only if the evidence would compel any reasonable person to find the requisite fear of persecution. *Koliada v. INS,* 259 F.3d 482, 486 (6th Cir.2001).

The IJ found that Djigo was not credible because his asylum application contained many factual allegations that were virtually identical to the allegations of another claimant. Djigo argues that he prepared his application in French and that it was translated into English by a trusted member of his Mosque. However, he did not call the translator as a witness or present the original application to the IJ. Djigo also argues that his allegations were consistent with a State Department report. However, the report indicates that conditions in Mauritania have improved, even though the government's human rights record is generally poor. Under these circumstances, a reasonable fact-finder would not be compelled to reach a different conclusion than the IJ regarding Djigo's credibility. *See* 8 U.S.C. § 1252(b)(4)(B). Thus, substantial evidence supports the IJ's credibility finding. *See Chebchoub v. INS,* 257 F.3d 1038, 1043–45 (9th Cir.2001).

The evidence in this case does not compel a finding that Djigo is a refugee, as it does not show that he has a well-founded fear of persecution. *See Koliada.* 259 F.3d at 487–88. As Djigo has not established eligibility for asylum, he is necessarily unable to meet the more rigorous standard for the withholding of removal. *See id.* at 489.

Accordingly, the petition for judicial review is denied.